IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD ALAN HAASE, § | |
| AUDREY L. HAASE § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-15-3349 |
| § | |
| COUNTRYWIDE HOME LOANS, § | |
| INC., et al., § | |
| § | |
| Defendants. § | |

## MEMORANDUM, RECOMMENDATION & ORDER

Pending before the court[1] is Plaintiffs Richard Alan Haase and Audrey L. Haase's Motion for Leave to Proceed In Forma Pauperis (Doc. 12). Plaintiffs' motions to proceed as paupers are **GRANTED**.

However, under 28 U.S.C. Section 1915(e)(2)(B), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal frivolous or malicious [or] fails to state a claim on which relief may be granted." For the reasons set forth below, the court therefore **RECOMMENDS** that Plaintiffs' suit be **DISMISSED** as frivolous.

### I. Plaintiffs' Claims

Plaintiffs, proceeding pro se, filed this suit against Countrywide Home Loans, Inc., ("Countrywide"), Bank of America, N.A., Deutsche Bank National Company as Trustee on behalf of Morgan

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 9.

Stanley ABS Capital I Inc. Trust 2006-HE6, Mortgage Pass-Through Certificates, Series 2006- HE6, improperly named as "Deutsche Bank, AG," the law firm of Barrett, Daffin, Frappier, Turner, and Engel, LLP, as well as the United States of America, the Fifth Circuit Court of Appeals and United States Supreme Court Justice Antonin Scalia (collectively, "government defendants").  In a seventy-two page complaint, Plaintiffs alleged that Countrywide and other bank-related defendants committed breach of contract, fraud, and committed fraud upon the court related to his home mortgage and that the government defendants committed fraud upon the court.[2] Plaintiffs additionally allege violations of the Fifth, Seventh, Tenth, and Fourteenth Amendments to the United States Constitution under 42 U.S.C. §§ 1985-1986.[3]

Plaintiffs brought suit against Countrywide and other lenders in Fort Bend District Court in December 2007 over a dispute relating to mortgage payments.[4]  On September 22, 2011, Plaintiffs' claims against Countrywide were dismissed with prejudice by summary judgment.[5]  After Countrywide's dismissal, Plaintiffs amended their complaint to include claims under the Real Estate Settlement Procedures Act ("RESPA"), and the remaining defendants removed the

---

[2]    See Doc. 1-1, Ex. 1 to Defs.' Not. of Removal, Pl.'s 9th Am. Pet.

[3]    See id. p. 6.

[4]    See id. p. 9.

[5]    See Doc. 1-5, Ex. 5 to Defs.' Not. of Removal, Order Granting Countrywide's Mot. for Summ. J. dated 22 Sept. 2011.

case to this court.[6]

On December 5, 2012, this court dismissed Plaintiffs' federal claims against remaining defendants and remanded the case to state court.[7]

Plaintiffs appealed the dismissal to the Fifth Circuit, who affirmed this court's order on May 16, 2014.[8] Plaintiffs appealed to the Supreme Court, and the court denied certiorari on December 16, 2014.[9]

On October 16, 2015, Plaintiffs filed their ninth amended petition in state court, continuing to assert claims against dismissed defendants while adding government defendants and constitutional claims against all defendants.[10] On November 13, 2015, Countrywide and three other defendants removed Plaintiffs' case back to this court based on federal question jurisdiction.[11] On December 15, 2014, Plaintiffs filed a motion to proceed IFP.[12]

## II.  Legal Standard

---

[6]  See No. H-12-1538, Haase v. Countrywide Home Loans, Inc., Doc. No. 1, Defs.' Not. of Removal.

[7]  See No. H-12-1538, Haase v. Countrywide Home Loans, Inc., Doc. No. 92, Order Granting Mot. to Dismiss, Summ. J., and Removal dated Dec. 5, 2012.

[8]  See No. H-12-1538, Haase v. Countrywide Home Loans, Inc., Doc. No. 106, 5th Cir. Order dated May 16, 2014.

[9]  See No. H-12-1538, Haase v. Countrywide Home Loans, Inc., Doc. No. 109, Letter Denying certiorari.

[10]  See Doc. 1-1, Ex. 1 to Defs.' Notice of Removal, Pl.'s 9th Am. Pet.

[11]  See Doc. 1, Defs.' Notice of Removal pp. 4-5.

[12]  See Doc. 12, Mot. of Application for Leave to Proceed IFP.

A district court may dismiss a complaint filed IFP if the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). An action is "frivolous" if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235 (1991). A complaint is without an arguable basis in law if it is based on an untenable or discredited legal theory. Neitzke, 490 U.S. at 326. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999); see also Denton v. Hernandez, 504 U.S. 25, 32 (1992).

The court uses the same standard for dismissal as Federal Rule of Civil Procedure ("Rule") 12(b)(6) to determine whether a plaintiff has stated a claim for relief.

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of

4

the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678.

"A document filed pro se is 'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III.  Analysis

The court has reviewed the entirety of Plaintiffs' pleadings and finds that their claims are frivolous under the doctrines of Rooker-Feldman, res judicata, and both sovereign and judicial immunity.

Under the Rooker-Feldman doctrine, an individual may not file a civil rights suit in federal court to collaterally attack a state civil judgment. See Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir. 1994) (citing Rooker v. Fidelity Trust Co., 263 U.S.

413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)).  The Rooker-Feldman doctrine establishes that a federal court lacks subject matter when issues in federal court are "inextricably intertwined" with a final state court judgment. Davis v. Bayless, 70 F.3d 367, 375 (5th Cir. 1995).  The Supreme Court has cautioned that the doctrine is to be narrowly confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Here, Plaintiffs' claims against Countrywide have already been resolved by summary judgment in state court.  The Rooker-Feldman doctrine therefore divests this court of subject-matter jurisdiction to hear Plaintiffs' claims against Countrywide.

Plaintiffs' claims against other non-government defendants are similarly precluded by res judicata.

Res judicata is the legal canon which states that a valid and final judgment precludes a second suit between the same parties on the same claim.  Medina v. Immigration & Naturalization Serv., 993 F.2d 499, 503 (5th Cir. 1993).  In order for a claim to be barred, "(1) the parties in both the prior suit and current suit must be identical; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of action in both suits."  Davis v. Dallas Area Rapid Transit, 383

F.3d 309, 312-13 (5th Cir. 2004) (quoting Howe v. Vaughan, 913 F.2d 1138, 1143-44 (5th Cir. 1990)).  The court uses the "transactional test" to determine whether a suit and a prior suit involve the same cause of action.  Id. at 313.  The critical issue is whether the actions are based on the "same nucleus of operative facts."  Id. (quoting In re Southmark Corp., 163 F.3d 925, 934 (5th Cir. 1999).

Here, Plaintiffs' breach of contract and fraud claims against non-government defendants were settled by this court and affirmed by the Fifth Circuit.  Plaintiffs are therefore barred by res judicata from asserting the same claims in this court in the present suit.

Finally, Plaintiffs' claims against government defendants are barred by judicial immunity and governmental immunity.

Judicial immunity entitles judges absolute immunity from suit for acts undertaken in their judicial capacity, even if they are done maliciously or corruptly.  Price v. Porter, 351 F. App'x 925, 927 (5th Cir. 2009) (citing Mireles v. Waco, 502 U.S. 9, 10 (1991)).  The doctrine does not apply only when a plaintiff alleges that a judge acted without jurisdiction or in a nonjudicial role.  Id.

Here, Plaintiffs allege that judicial officials ruling against him amounted to fraud against the court and violated his due process rights under the Fifth Amendment and right to a jury trial under the Seventh Amendment.  Because Plaintiffs' allegations solely concern actions taken by judges in their judicial capacity,

judicial immunity completely forecloses Plaintiffs' claims against government defendants.

Plaintiffs' allegations against the United States is barred by sovereign immunity. The United States is immune to suit unless it waives its immunity by consent. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (U.S. 1994). The United States has not waived sovereign immunity for itself or its agencies for constitutional tort claims. See id. 484-86.

Because Plaintiffs' claims are without an arguable basis in law, the court finds they are legally frivolous. The court therefore **RECOMMENDS** that Plaintiffs' claims be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(i).

### III. Conclusion

Based on the foregoing, the court **GRANTS** Plaintiffs' Motions to Proceed IFP and **RECOMMENDS** that his complaint be **DISMISSED** as frivolous.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the

United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 22<u>nd</u>  day of January, 2016.

_____
U.S. MAGISTRATE JUDGE